The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, Arkansas 72601-2309
Dear Representative Milum:
This is in response to your request, on behalf of a constituent, for an opinion on two questions arising under Act 1326 of 1999, which reconstitutes the county boards of equalization.
Your constituent first notes that Act 1326 requires the members of the county boards of equalization to be selected from "different sections of the county." See Acts 1999, No. 1326, § 3, amending A.C.A. § 26-27-304. Your constituent has enclosed a map of Boone County, with the residences of proposed members of the board highlighted, and asks whether these locations fulfill the intention of Act 1326. The second question posed is whether Act 1326, which provides that the terms of all current members of the county equalization board shall expire on the first Monday in July, 1999, applies to members recently appointed in May of 1999.
RESPONSE
Question 1 — Do the residences of the proposed members of the BooneCounty Equalization Board comply with Act 1326?
I must decline to issue an opinion on this question as it seeks a factual determination rather than a legal one. I am not empowered, in the issuance of official Attorney General opinions, to determine factual questions. I will note that the Act's reference to "different sections" of the county is not entirely clear. In my opinion the term "section" is not used in its technical, legal sense. The word "section" is sometimes used in that sense to refer to a portion of land one-mile square and composing one of the thirty-six subdivisions of a township. In my opinion, rather, the term was used in its commonly understood sense. One definition of the word "section" is "a distinct part of a territorial or political area, community, or group of people." Webster's Seventh NewCollegiate Dictionary, (1972) at 780. The relevant question will therefore be whether the proposed members of the equalization board are appointed from "distinct parts" of the county.
Question 2 — Do the terms of county equalization board members appointedin May 1999 expire in July 1999 under Act 1326?
It is my opinion that the answer to this question is "yes." As your constituent notes, Section 4(a)(1) of Act 1326, which amends A.C.A. §26-27-305 provides that:
 In those counties having an equalization board composed of five (5) members, the members shall serve three-year staggered terms of office, with each expiring term to expire on the first Monday of June of each year, or until his successor is elected and qualified, provided however, that, on the first Monday in July, 1999, the terms of the present members of each county equalization board with three (3) or five (5) members shall expire and new members shall be appointed as is provided by law, and within thirty (30) days thereafter, the five (5) new members should meet and determine by lot their respective staggered terms . . ." [Emphasis added.]
This language provides for the expiration, on the first Monday in July, of the "present members" of each county equalization board. Your constituent notes that Act 1326 contained an emergency clause, which made the Act effective upon signature by the Governor. (April 12, 1999.) Evidently some members of the current equalization board were appointed as recently as May, 1999. The question posed is thus whether the terms of these members (appointed in May) expire on the first Monday in July under Act 1326.
The term "present members" in my opinion is broad enough to include members appointed in May of 1999. This term, as used in Act 1326, refers to any members serving just prior to the relevant date, the first Monday in July. The terms of these members expire the first Monday in July and "new members" must be appointed under Act 1326.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh